Amparo CISNEROS, Appellant,

v.

Fructuoso SAN MIGUEL, Appellee.

No. 16728.

Court of Appeals of Texas, San Antonio.

July 7, 1982.

Rehearing Denied Aug. 2, 1982.

---

Wallace W. Canales, Alice, for appellant.

Steve A. Whitworth, Person, Whitworth, Ramos, Borchers & Morales, Laredo, for appellee.

Before ESQUIVEL, CANTU and BASKIN, JJ.

ESQUIVEL, Justice.

This is a summary judgment case.

On September 28, 1978, decedent Juan Cisneros, while single, sold certain realty to Dr. Julio Cesar Gomez Rejon and received from Dr. Rejon a real estate lien note and a deed of trust (hereafter notes) in exchange for a warranty deed with a vendor's lien on the property. In order to protect the proceeds from the notes, the decedent entered into a trust agreement with the Union National Bank of Laredo. The decedent appointed the bank as trustee of the "Juan Cisneros Trust" and gave possession of the property placed in trust to the trustee bank. The trustor decedent conveyed to appellee Fructuoso San Miguel (hereafter San Miguel) the residue of the trust on the condition that the decedent died intestate.[1]

---

1. In pertinent part, the trust agreement provides:

Article V

Unless sooner terminated in accordance with provisions of this Agreement, this trust shall terminate upon the death of Juan Cisneros, Trustor herein, and Union National Bank of Laredo, as Trustee, is authorized to pay all debts and expenses that may be incurred in connection with the administration of this trust, including all expenses of last illness, funeral and burial, and after the administration of such trust has been concluded, then all the rest, residue and remainder of all properties belonging to the Estate of Juan Cisneros shall be delivered to the executor under the last will and testament of Juan Cisneros in the event that he dies leaving a

On November 29, 1978, the decedent married appellant, Amparo Castillo Cisneros (hereafter Amparo). On January 20, 1979, the decedent died intestate. The trustee Bank then filed a petition of interpleader to have the trial court determine the proper owner of the proceeds from the notes. Those individuals claiming a right to the proceeds included Amparo, the brothers and sisters of the decedent, and San Miguel.

On April 7, 1980, summary judgment was rendered against the brothers and sisters of the decedent. [The lower court held that the nature of the property, which specifically was a note secured by a mortgage, was personalty. Consequently, the trial court held that under intestate law, the brothers and sisters were not entitled to any portion of the notes or the proceeds therefrom]. They did not appeal the summary judgment against them.

Amparo filed a motion for summary judgment claiming that an alleged "conveyance" of any property in any form to San Miguel, through the trust agreement was testamentary in nature and, therefore, did not comply with Tex.Prob.Code Ann. § 59 (Vernon 1980). Amparo reasoned that she was entitled to the trust property through intestate succession.

San Miguel filed his motion for summary judgment alleging that the decedent created a present intervivos trust in favor of the appellee. Thus, San Miguel maintained that his interest cut off any claim of heirship by appellant in the trust res and any claim for services provided for the trustor/beneficiary by Amparo, which claim for services was plead in the alternative.

The trial court heard both motions, overruled Amparo's motion and granted San Miguel's motion for summary judgment. Amparo appeals.

The ultimate issue is whether the trust agreement executed by the decedent was a valid intervivos trust. Before we can address the ultimate issue we must discuss Amparo's first point of error in which she argues that San Miguel filed no written evidence in support of his motion for summary judgment. San Miguel responds by noting that there was no fact issue in dispute since both parties, in their pleadings, demonstrated that there was no factual dispute between them.

Amparo argues that the evidence was insufficient to support San Miguel's motion for summary judgment. The judgment recites that the court considered both parties' motions, pleadings, affidavits and arguments of their respective counsels and recites that there was no genuine issue of any material fact.

■ A review of the pleadings and the trust agreement filed in this case by both parties which were necessarily made a part of the record by Union Bank's Bill of Interpleader leads us to the same conclusion implicit in the trial court's ruling. Amparo admitted in her motion for summary judgment that there was no fact issue in dispute; that the only issue in dispute was the nature of the trust agreement. The trial court necessarily had to consider as the only evidence it had before it, the Trust Agreement, in making it's ruling. Amparo's first point of error is accordingly overruled.

The main issue of this case is whether the court erred in ruling that the trust agreement executed by the decedent was a valid intervivos trust. We agree with the trial court's conclusion.

San Miguel primarily relies upon *Westerfeld v. Huckaby*, 462 S.W.2d 324 (Tex.Civ. App.—Houston [1st Dist.] 1970), *aff'd,* 474 S.W.2d 189 (Tex.1971), as he did in his motion for summary judgment. San Miguel argues that he was a residuary beneficiary under the terms of the trust agreement, and he received a defeasible interest at the

last will and testament that is admitted to probate by the County Court or court having jurisdiction and venue over the estate of Juan Cisneros, otherwise rest and residue shall be delivered to persons and in proportions as follows:

1. Fructuoso San Miguel whose address is 420 Lincoln Street, Laredo, Texas, 78040, shall receive 100% per cent of such rest and residue of property after payment of all debts.

time that the trust was created. San Miguel further argues that, at the time of decedent's death, no act or event which would defeat his interest occurred. Consequently, San Miguel concludes that the trust assets vested in himself immediately upon decedent's death.

Amparo stresses that *Huckaby* is distinguishable from the case at bar. First, Amparo states that the trustor did not declare a trust in favor of anyone other than himself, as opposed to what was done by the settlor in *Huckaby*. Second, the provision that the trust "shall terminate upon the death" of the trustor/beneficiary clearly "reeks of testamentary nomenclature," as opposed to the clear act "of praesenti" in *Huckaby*.

■ Amparo is incorrect when she states that the trustor did not declare a trust in favor of anyone other than himself. The trust agreement clearly specifies that San Miguel is a residuary beneficiary subject to three conditions. First, San Miguel's interest could be divested if the trustor revoked the trust. Second, San Miguel's interest under the trust would be divested if the trustor dies testate.[2] Third, San Miguel's interest would be defeated if no residue existed at the time the residuary clause became effective, pursuant to the provisions of Article V of the trust agreement. Thus, it is readily apparent that San Miguel's interest under the trust agreement is a defeasible interest. *See* Black's Law Dictionary 506 (4th ed. revised 1968). San Miguel's defeasible interest is the same type of interest contemplated by the supreme court in *Huckaby*. As the supreme court noted:

> Professor Bogert expresses the view that a majority of the cases now upholds the validity of an intervivos trust even though the settlor reserves a *life estate* combined with many powers of management, and that the settlor may retain the powers to alter, revoke and take capital as well as the powers to direct and man-

age. According to Bogert, the beneficiary receives a *defeasible interest* at the time of the execution of the instrument; the accumulation of reserved powers only subjects the interest of the beneficiary to a greater possibility of defeasance. G. Bogert, Trusts and Trustees § 104 at 536–542 (2d ed. 1965). See *Schmidt v. Schmidt*, 261 S.W.2d 892 (Tex.Civ.App. 1953, writ ref.). [Emphasis added.]

*Westerfeld v. Huckaby*, 474 S.W.2d 189, 193 (Tex.1971). The life estate interest created for the trustor in this case did not prevent the declaration of a residuary beneficial interest subject to defeasance in favor of San Miguel. As a result, the implicit finding by the trial court that the trustor did declare a trust in favor of himself *and* San Miguel was proper.

■ With regard to Amparo's argument that there was no clear act "of praesenti" in the case at bar, the trust agreement stipulated that "[it] is to be in full force and effect as soon as same is executed and acknowledged by Trustor, and also by Trustee." It is evident that title to the residue of the "Juan Cisneros Trust" remained in the trustee Bank until all of the provisions of the trust were fulfilled. When the specific provisions of Article V were met, then the legal title to the residue merged with San Miguel's then-indefeasible beneficial interest. The trial court correctly held that the residue was non-probate in nature and that the residue was not subject to the laws of intestacy. Accordingly, Amparo's remaining points of error are overruled and the judgment of the trial court is affirmed.

BASKIN, J., not participating.

---

2. This condition assumes that the trustor has willed the interest in the notes to a person or to persons contrary to the residuary clause.